O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-02326 AHM (AGRx) | Date | April 15, 2009 |
|---|---|---|---|
| Title | DAVID SHU v. JOHN E. POTTER | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**    IN CHAMBERS (No Proceedings Held)

On April 3, 2009, *pro se* Plaintiff filed a Complaint alleging employment discrimination.  On the same day, he filed a Motion for the Appointment of Counsel.  Generally, there is no right to counsel in civil actions.  *See Palmer v. Valdez*, ____ F.3d ____, 2009 WL 750274, at * 4 (9th Cir. Mar. 24, 2009).  However, pursuant to 28 U.S.C. § 1915(e)(1), this Court has discretion to request volunteer counsel for indigent parties. *Solis v. County of Los Angeles*, 514 F.3d 946, 958 (9th Cir. 2008).

A *pro se* litigant is entitled to appointment of counsel only in "exceptional circumstances."  *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).  A finding of exceptional circumstances "requires at least an evaluation of the likelihood of the [litigant's] success on the merits and an evaluation of the [litigant's] ability to articulate his claims in light of the complexity of the legal issues involved." *Id.* (internal citations and quotations omitted).

The Court DENIES the motion without prejudice.[1]  It is premature for the Court to evaluate the likely merits of Plaintiffs' claims.  Plaintiff may renew his motion at a later time when the record in the case is more developed.

_____ :  _____
Initials of Preparer         SMO

---

[1]Docket No. 3.